IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01444-PAB-KAS

THOMAS ALLEN GRAY, individually and on behalf of all others similarly situation,

    Plaintiff,

v.

BIOGEN INC.,
CHRISTOPHER A. VIEHBACHER,
MICHEL VOUNATSOS, and
MICHAEL R. MCDONNELL,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Unopposed Motion to Transfer to the District of Massachusetts Pursuant to 28 U.S.C. § 1404 [Docket No. 26]. Defendants Biogen Inc., Christopher Viehbacher, Michel Vounatsos, and Michael McDonnell ask that the Court transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). *Id.* at 1. Plaintiff does not oppose the transfer. *Id.*

On May 22, 2024, plaintiff Thomas Gray initiated this class action lawsuit, alleging that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Docket No. 1 at 2, 36–40 ¶¶ 1, 105–120. On July 22, 2024, Frances Stokes moved to be appointed as lead plaintiff. Docket No. 7 at 5. On September 4, 2024, Magistrate Judge Kathryn Starnella granted Ms. Stokes' motion and appointed

her as lead plaintiff in this case.[1]  Docket No. 24 at 6.  On September 9, 2024, defendants filed the motion to transfer the case to the District of Massachusetts.  Docket No. 26.

In support of their motion to transfer venue, defendants state that Biogen Inc. ("Biogen") maintains its corporate headquarters in Cambridge, Massachusetts, that Christopher Viebacher is Biogen's President and Chief Executive Officer, that Michael McDonnell is Biogen's Chief Financial Officer, that Mr. Viebacher and Mr. McDonnell work in Biogen's Cambridge headquarters, that Michel Vounatsos was Biogen's former Chief Executive Officer and that, although Mr. Vounatsos currently resides abroad, his work took place at the Cambridge headquarters.  *Id.* at 2.  Defendants state that Ms. Stokes is a resident of New York.  *Id.*  Finally, defendants claim that, although Mr. Gray – a resident of Colorado – initiated this lawsuit, he "did not move to be appointed lead plaintiff" and "is therefore not expected to have further involvement in this litigation."  *Id.* at 2 n.1.

Defendants argue that this case could have been brought in the District of Massachusetts because the defendants are subject to personal jurisdiction in that district.[2]  *Id.* at 4.  Defendants also contend that the District of Massachusetts is a more

---

[1] Judge Starnella granted Ms. Stokes' motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *See* Docket No. 24 at 2.  Under the PSLRA, the Court must "consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).

[2] Defendants state that Biogen is a citizen of Massachusetts and that each of the individual defendants are subject to personal jurisdiction in Massachusetts because the

appropriate forum.  *Id.*  They state that a substantial part of the events giving rise to plaintiff's claims occurred in Massachusetts.  *Id.*  Furthermore, defendants assert that the majority of witnesses and documents expected to be needed in this action are located in Massachusetts, whereas there "is no known evidence" located in Colorado.  *Id.* at 7.  Finally, defendants state that plaintiff "does not oppose the relief requested."[3]  *Id.* at 6, 10.  As such, defendants maintain that, under 28 U.S.C. § 1404, this case should be transferred to the District of Massachusetts.  *Id.* at 10.

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  To warrant a transfer, the moving party must establish that: "(1) the action could have been brought

---

allegations in the complaint arise out of their work in and contacts with Massachusetts.  Docket No. 26 at 5.  Moreover, to the extent that Mr. Vounatsos is not subject to personal jurisdiction in Massachusetts because he lives abroad, defendants state that Mr. Vounatsos "consents to personal jurisdiction in the District of Massachusetts."  *Id.*

[3] It is unclear from defendants' motion whether they are referring to Ms. Stokes or Mr. Gray as plaintiff.  *See* Docket No. 26 at 6.  While Ms. Stokes has been appointed lead plaintiff among the purported class members pursuant to the PSLRA, the class has not been certified under Federal Rule of Civil Procedure 23, and Mr. Gray remains the only identified plaintiff in this case.  However, because Mr. Gray did not file a motion to be appointed lead plaintiff pursuant to the PSLRA and because he has not filed a response opposing defendants' motion, the Court presumes that neither Mr. Gray nor Ms. Stokes opposes transferring this case to the District of Massachusetts.

in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

The Court is satisfied that this action could have been brought in the District of Massachusetts based on defendants' representations that (1) Biogen has its corporate headquarters in Massachusetts, (2) the individual defendants are subject to personal jurisdiction in the District of Massachusetts, and (3) Mr. Vounatsos consents to personal jurisdiction in the District of Massachusetts.  *See* Docket No. 26 at 4–5; Docket No. 1 at 8–9, ¶¶ 28–34; *Olivares v. C.R. England, Inc.*, 2022 WL 3025974, at *2 (D. Utah Aug. 1, 2022) ("It is well settled that a party can consent to the personal jurisdiction of a court."); *United States v. Vreeken*, 803 F.2d 1085, 1089 (10th Cir. 1986) (same).  Regarding the inconvenience of the existing forum, defendants state that neither lead plaintiff nor any defendant is located in Colorado and that the critical witnesses are located in Massachusetts.  *See* Docket No. 26 at 7.  The Court finds that the District of Massachusetts is the more convenient venue.  Finally, because the motion to transfer is unopposed, the Court finds that the interests of justice and judicial efficiency favor the transfer of this case to the United States District Court for the District of Massachusetts.  The Court will grant the unopposed motion to transfer.

Accordingly, it is

**ORDERED** that the Unopposed Motion to Transfer to the District of Massachusetts Pursuant to 28 U.S.C. § 1404 [Docket No. 26] is **GRANTED**.  It is further

4

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the District of Massachusetts.

DATED October 21, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge